IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 06-0228** |
| | ) | **Electronically Filed** |
| CURT D. KOSOW | ) | |

### Order on Motion to Vacate (doc. no. 197)

Currently pending before this Court is defendant's *pro se* motion to set aside sentence and vacate judgment (doc. no. 197), and the government's response thereto (doc. no. 202). After careful consideration, defendant's motion (doc. no. 197) is DENIED as MOOT.

On December 3, 2007, defendant (who appeared *pro se*) was found guilty following a jury trial of counts one and three through nine of the nine-count indictment, and defendant was found not guilty of count two of the indictment. (doc. no. 125)  On June 30, 2008, defendant was sentenced to 41 months imprisonment and three years of supervised release (doc. no. 149).

On July 3, 2008, court-appointed counsel filed a timely notice of appeal (doc. no. 150), and on July 9, 2010, defendant was released to community confinement to commence his term of supervised release.  On December 2, 2010, the United States Court of Appeals for the Third Circuit issued its Mandate and Judgment affirming defendant's conviction (doc. no. 190).  On December 2, 2010, defendant filed his first motion to vacate sentence, and following a Miller notice and Order on December 3, 2010, defendant filed a statement of intent to withdraw said Motion to Vacate (doc. nos. 192 and 193).  On August 1, 2011, defendant filed his first motion for early termination of supervised release (doc. no. 194), and after response from the government (doc. no. 195), the Court denied the motion without prejudice for defendant to re-file after completion of half of his term of supervised release.

On January 3, 2012, defendant filed a renewed motion for early termination of supervised

release and a motion to set aside sentence and to vacate judgment (doc. nos. 196 and 197). Following briefing (doc. no. 200), on February 14, 2012, the Court granted defendant's motion for early termination of supervised release (doc. no. 201).

On February 22, 2012, the Court ordered the government's response regarding whether the remaining pending motion to set aside judgment and vacate sentence is now moot. On March 6, 2012, the government issued its response thereto, and argued that a motion to vacate filed pursuant to 28 U.S.C. § 2255 is moot after the sentence has been served and supervised terminated. The Court agrees, and therefore, defendant's motion to set aside judgment and vacate sentence pursuant to 28 U.S.C. § 2255 is DENIED AS MOOT. *Burkey v. Marberry,* 556 F.3d 142, 47-48 (3d Cir. 2009); *DeFoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005), citing *Lane v. Williams*, 455 U.S. 624, 631 (1982). *See also United States v. Gross*, 614 F.2d 365, 366-367 (3d Cir. 1980).

                                                      s/ Arthur J. Schwab
                                                      Arthur J. Schwab
                                                      United States District Judge

cc: Curt D. Kosow, petitioner
    All ECF listed parties and counsel of record